UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SALMA KILANI-HEWITT and CECIL HEWITT,

            *Plaintiffs*,

    -against-

IMMIGRATION JUDGE JOANNA M. BUKSZPAN, *et al.*,

            *Defendants*.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-8-15

13 Civ. 8473 (PAC) (FM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiffs Salma Kilani-Hewitt and Cecil Hewitt ("Plaintiffs") bring suit against Joanna M. Bukszpan, the immigration judge overseeing Salma Kilani-Hewitt's application for adjustment of resident status, and Gioia Maiellano, an attorney for the Department of Homeland Security. Plaintiffs request that the Court adjudicate Kilani-Hewitt's application or compel Defendants to promptly decide on her application. Defendants move to dismiss the complaint for lack of subject matter jurisdiction.

On August 6, 2015, Magistrate Judge Frank Maas issued a Report and Recommendation ("R & R") on the motion.[1] Magistrate Judge Maas recommends granting Defendants' motion because the Court lacks subject matter jurisdiction over Defendants' claim. R & R at 7-12. Specifically, Magistrate Judge Maas finds that 8 U.S.C. § 1252(g), which prevents courts from intervening in matters involving the Attorney General's exercise of her discretion to "commence

---

[1] The facts of this case are fully recounted in Magistrate Judge Maas's R & R.

1

proceedings, adjudicate cases, or execute removal orders," bars the Court from "second-guessing the IJ's decision to adjudicate a case." R & R at 12. Because the relief Plaintiffs request "would limit the Attorney General's discretion to 'adjudicate' Kilani-Hewitt's case—an act that is specifically excluded from this Court's purview pursuant to Section 1252(g)," R & R at 10, Magistrate Judge Maas recommends dismissing the complaint in its entirety.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where neither party has made written objections to the report, the Court may adopt the report "so long as there is no clear error on the face of the record." *Feehan v. Feehan*, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). The parties had fourteen days after being served with the R & R to file written objections; the failure to do so results in the waiver of any objections. *Grady v. Conway*, 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015).

Accordingly, the Court reviews the R & R for clear error. Finding none, the Court adopts Magistrate Judge Maas's R & R in its entirety, and Defendants' motion to dismiss is granted. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
September 8, 2015

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Salma Kilani-Hewitt & Cecil Hewitt
A# 077-714-400
796 Lincoln Avenue
Brooklyn, NY 11208